[Civ. No. 900.   Second Appellate District.—January 27, 1911.]

## SOUTHERN PACIFIC RAILROAD COMPANY, Appellant, v. REIS ESTATE COMPANY, Respondent.

EMINENT DOMAIN—DISMISSAL OF PROCEEDING AFTER VERDICT AND BEFORE DECREE—EXCESSIVE VERDICT—ABANDONMENT.—The plaintiff in an action of eminent domain, after trial and verdict fixing the amount of compensation and damages, may, within thirty days thereafter and before any further proceedings are had, move the court to dismiss the action upon the statement "that the damages and values fixed by the jury were excessive, and a dismissal of the case was an abandonment by the plaintiff of its claim for the property." He is entitled to abandon the claim to the property and ask a dismissal before the expiration of thirty days from the entry of judgment.

ID.—DISCRETION OF COURT—DISTINCTION BETWEEN CONDITIONAL DISMISSAL AND ABSOLUTE DISMISSAL WITH JUDGMENT FOR COSTS.— Assuming, without deciding, that such right of dismissal is within the discretion of the court only, subject to review in case of abuse, and that in its exercise the court may impose such terms as in its judgment may be proper as a condition of its exercise, yet there is a marked distinction between a conditional dismissal, the effect of which is to order a dismissal upon the performance of certain conditions, and an absolute dismissal, such as appears in this case, where a judgment is entered for costs and expenses of suit.

ID.—IMPROPER JUDGMENT FOR EXPENSES BEYOND COSTS—ATTORNEYS' FEES—FEES OF ENGINEER FOR WORK AND MAPS.—There is no authority in the statute authorizing a court to render a judgment for attorneys' fees, and the fees of an engineer for work and maps, in excess of costs, in connection with an unconditional order dismissing a proceeding in condemnation, whatever may be its authority in imposing payment thereof, as a condition precedent to dismissal.

ID.—STATEMENT ON MOTION TO DISMISS SUFFICIENT EVIDENCE OF ABANDONMENT.—The statement by plaintiff in open court, in connection with his motion to dismiss, to the effect that if such motion was granted it would abandon all claim to the property, amounted to such an abandonment as would warrant the order of dismissal with a judgment for costs only.

APPEAL from part of a judgment of the Superior Court of San Luis Obispo County, awarding attorney's fees and engineering fees.   E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

W. H. Spencer, for Appellant.

A. E. Campbell, and Wm. Shipsey, for Respondent.

ALLEN, P. J.—The action was one instituted by plaintiff in the exercise of the right of eminent domain. The cause proceeded to a trial before a jury and a verdict fixing the amount of compensation and damages. Within thirty days thereafter, and before any further proceedings were had, plaintiff moved the court to dismiss said action upon the grounds "that the damages and values fixed by the jury were excessive, and a dismissal of the case was an abandonment by the plaintiff of its claim for the property." Defendant objected to such dismissal and moved for a judgment to be entered upon the verdict, but in the event the same should be denied, asked that the dismissal be ordered upon terms and conditions which involved the payment of costs and defendant's reasonable expenses in preparing for and defending the action, including $29 for surveying and engineering work and maps thereof and $1,000 attorneys' fees, and that plaintiff be precluded from hereafter commencing another action to condemn the same strip of land here sought to be condemned, or any strip of land in that vicinity across the land of said defendant. These motions were heard and submitted. The court overruled defendant's objection to a dismissal, and "the court now orders said action to be dismissed on the terms and conditions hereinafter mentioned. Wherefore, by reason of the law and the premises, it is considered, adjudged and decreed as follows: that defendant Reis Estate Company do have and recover from said plaintiff its costs and disbursements herein, taxed at $225; also its necessary and reasonable expenses in preparing for and defending this action, namely, $29 for surveying and engineering work and maps thereof, and $750 attorney fees; that this action be and the same is hereby dismissed." Plaintiff appeals from that part of the judgment by which it was and is adjudged that defendant do have and recover from plaintiff its necessary and reasonable expenses in preparing for and defending this action;

namely, $29 for surveying and engineering work and maps and $750 attorney's fees.

It is insisted by appellant that having abandoned its claim to the property within thirty days succeeding the trial, it was entitled to have its action dismissed upon payment of the costs, and that the court was without authority to include in such judgment any penalty or amount in excess of such costs. Upon the other hand, it is respondent's contention that the dismissal was a conditional one, to be made and entered upon payment of the sums ordered by the court, and that such conditional dismissal was within the discretion of the court, and that no abuse of discretion appearing, it must be assumed upon this appeal that the same was properly exercised. We think it unnecessary to determine the character of right with reference to dismissal which a plaintiff may possess in proceedings of this character after verdict and before final decree of condemnation. That he is entitled to abandon the claim to the property and ask a dismissal before the expiration of thirty days from the entry of the judgment has been determined in *Pool* v. *Butler,* 141 Cal. 46, [74 Pac. 444]. Assuming, without deciding, that such right of dismissal is within the discretion of the court only, and that in its exercise the court may impose such terms as in its judgment may be proper, and when so imposed will not be disturbed unless an abuse of discretion is made to appear, nevertheless, it appears from the judgment entered in this case that the same was not upon terms or conditions, but, upon the contrary, was an order of dismissal immediately effective and in connection with which a judgment for the expenses incidental to the trial was rendered. We recognize a marked distinction between a conditional dismissal, the effect of which is to order a dismissal to be entered upon the performance of certain conditions, and a dismissal ordered as appears by this record. In the first instance, the dismissal is not effective until the conditions are performed; in this case the dismissal was ordered without the performance of the conditions, and an effort made to render a judgment for an amount in excess of that which a court is authorized to order upon an absolute dismissal. There is no authority in the statute authorizing a court to render judgment for attorney's fees in connection with an unconditional order dismissing a proceeding in con-

demnation, whatever may be its authority in regard to imposing payment thereof as a condition precedent to dismissal.

We are not in sympathy with respondent's contention that the record does not disclose an abandonment of the claim to the property and such an abandonment as would preclude another action of the same character. We are of opinion that the statement in open court made by plaintiff in connection with its motion to dismiss, to the effect that if such motion was granted it would abandon all claim to the property, amounted to such an abandonment as would warrant the order of dismissal. In our opinion, therefore, when the court made its order of dismissal, so much of the judgment awarding damages in excess of costs was erroneous.

It is ordered, therefore, that the judgment of the court for $29 engineering fees and $750 attorney's fees be reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 28, 1911.

Beatty, C. J., dissented from the order denying a hearing in the. supreme court, and filed the following opinion on March 29, 1911:

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause. It is not decided, and I do not think it ought to be held, that where the whole controversy in a condemnation case is over the compensation to which the land owner is entitled, the plaintiff has the unqualified right to dismiss the proceeding upon payment of costs after he has subjected the defendant to heavy expenses in addition to court costs in the legitimate effort to prove the loss and damage that he will sustain in consequence of the condemnation sought. This was the main question in the case, but it is left undecided, because, as the district court holds, conceding the power of the superior court to make the order of dismissal conditional, it has made it unconditional. I do not so construe the order. It was clearly intended to be conditional, and the form in which it was entered does not forbid that

construction, or deprive it of that effect, if, as conceded for the purposes of the decision, it was in the power of the court to give it that effect.