[L. A. No. 14513. In Bank.—May 31, 1934.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. JOHN AGARDY et al., Respondents.

Ray L. Chesebro and Erwin P. Werner, City Attorneys, Frederick von Schrader, Assistant City Attorney, and

Arthur W. Nordstrom and Cuthbert J. Scott, Deputies City Attorney, for Appellant.

Edward Brody and A. H. Swallow for Respondents.

THE COURT.—The City of Los Angeles appeals from a judgment of dismissal and the order taxing costs entered in the above-entitled action in favor of Jennie and William L. Riley. The facts are undisputed and are as follows:

The city in 1923 commenced the above-entitled action for the purpose of condemning for street purposes certain parcels of real property. The action was instituted under the provisions of the Street Opening Act of 1903 (Stats. 1903, p. 376, as amended). Among the numerous defendants in that action were respondents herein, Jennie and William L. Riley, owners of part of the property sought to be condemned. After the usual proceedings in such actions an interlocutory judgment assessing the damages of respondents was made and entered on August 17, 1925. The damages so assessed were never paid. On August 6, 1926, in another action in the same court entitled *Blackburn* v. *City of Los Angeles,* to which action respondents were not parties, the city was permanently enjoined from further proceeding under the ordinance authorizing the improvement. The judgment in this action has long since become final. Subsequently the city council of Los Angeles, by resolution, authorized the city attorney to present to the council an ordinance abandoning the entire proceeding. No further steps were taken by the council in reference to the proposed ordinance of abandonment. Apparently, some time later, new proceedings were commenced involving the same improvement. On June 14, 1930, respondents Riley filed a notice of motion to dismiss the original action on the ground that it had been abandoned, and for a judgment of dismissal and for costs and attorneys' fees pursuant to the provisions of section 1255a of the Code of Civil Procedure. Both parties filed affidavits, the defense of the city being predicated on the Blackburn injunction. The trial court ruled that the city had abandoned the action within the meaning of section 1255a of the Code of Civil Procedure, and that respondents were entitled to recover their costs including attorneys' fees. The Rileys thereafter filed their

cost and disbursement bill for over $8,000, and appellant moved to tax costs, challenging the various items as excessive and unlawful. In January, 1931, there was entered a minute order of the trial court taxing costs of respondents in the sum of $4,335. The award was made in a lump sum without specifying the items thereof. The city appeals.

It is our opinion that the legal problems presented on this appeal have been determined adversely to respondents by the recent decision of this court in *City of Los Angeles* v. *Abbott*, 217 Cal. 187 [17 Pac. (2d) 993].) In the Abbott case it was held in a proceeding under the identical act here involved (Street Opening Act of 1903, *supra*) that when the city is permanently enjoined from proceeding, it is not such an abandonment as is contemplated by section 1255a of the Code of Civil Procedure, which purports to allow the condemnee to recover his attorney fees when the condemnor abandons. The only difference between the Abbott case and the instant case is that in the Abbott case the permanent injunction was issued prior to the entry of the interlocutory judgment, while in the present case such injunction issued a little less than a year thereafter. That fact, however, does not make inapplicable to the present case the rule of law enunciated in the Abbott case. The holding in the last-named case was that section 1255a does not apply to an involuntary abandonment; that since the right to attorneys' fees is purely statutory and since that section is the only section allowing attorneys' fees, no such fees can be recovered in case of an involuntary abandonment. (See, also, *City of Los Angeles* v. *Abbott*, 129 Cal. App. 144 [18 Pac. (2d) 785].) The abandonment in the instant case was clearly involuntary. Respondents, recognizing the legal effect of the Abbott case, seek to avoid its application by the contention that since more than thirty days elapsed after the interlocutory judgment before the injunction was issued, under section 1251 of the Code of Civil Procedure, their right to attorneys' fees became "vested". This contention of respondents is wholly illogical. If anything became "vested" after the lapse of thirty days after the interlocutory judgment was rendered it would be the right to the entire amount assessed, and not merely the right to attorneys' fees. If the right to the entire amount assessed became "vested" at that time

we would then be presented with an incongruous situation where the special fund to pay the judgment could not be raised because of the injunction, but respondents would be entitled to the full amount of the judgment. This clearly illustrates the inapplicability of section 1251 of the Code of Civil Procedure to proceedings under the Street Opening Act of 1903. So far as pertinent here that section provides:

"Time of paying assessment. The plaintiff must, within thirty days after final judgment, pay the sum of money assessed. In case the plaintiff is the state of California, or is a public corporation, and it appears by affidavit that bonds of said state or public corporation must be issued and sold in order to provide the money necessary to pay the sum assessed, then such sum may be paid at any time within one year from the date of such judgment; provided, further, that if the sale of any such bonds cannot be had by reason of litigation affecting the validity thereof, then the time during which such litigation is pending shall not be considered a part of the one year's time in which such payment must be made."

█ It is true that in the Abbott case, *supra*, it was held that section 1255a of the Code of Civil Procedure was applicable to proceedings under the 1903 act, but it does not follow that all of the sections of the Code of Civil Procedure, applicable to eminent domain proceedings, apply to proceedings under the 1903 act. In fact, it was only because the 1903 act was entirely silent as to what constituted an abandonment that section 1255a was held applicable. The Abbott case distinctly recognizes that where the 1903 act has provisions contrary or inconsistent with the general provisions of the code, the act governs. This is the rule long established by the cases. (*Frank* v. *Maguire*, 201 Cal. 414 [257 Pac. 515]; *City of Los Angeles* v. *Oliver*, 110 Cal. App. 248 [294 Pac. 760]; *City of Los Angeles* v. *Oliver*, 102 Cal. App. 299 [283 Pac. 298].) █ Section 31 of the Street Opening Act of 1903 provides that the awards allowed condemnees under that act shall be paid when there is sufficient money in the special assessment fund to pay them. That time cannot possibly occur until the assessments are paid or the assessment bonds sold—a minimum period, it is conceded, of seven or eight months. These provisions are

totally inconsistent with section 1251 of the Code of Civil Procedure providing for the thirty-day period, and therefore that section is inapplicable.

It should also be mentioned that the one-year exception found in section 1251 in reference to bonds has no reference to bonds issued under the 1903 act. The bonds referred to in that section are ''bonds of said state or public corporation''—that is, general obligation bonds of the state or city. The bonds issued under the 1903 act or the Auxiliary Street Opening Bond Act of 1911 (Stats. 1911, p. 1192, as amended) are not such bonds. (See *Brooks* v. *City of Oakland,* 160 Cal. 423 [117 Pac. 433].) Under the 1903 and 1911 acts the issuance of the bonds and the determination of the amount thereof are deferred until after the assessments levied have become delinquent. It is obvious, therefore, that no portion of section 1251 of the Code of Civil Procedure has any application to proceedings under the 1903 act.

Such a holding does not mean, as respondents contend, that a condemnee in such a case is entirely at the mercy of the condemnor as to when his judgment will be paid. We do not mean to hold that a city, after an interlocutory judgment has been entered in proceedings under the 1903 act, could deliberately refuse to further proceed by the levying and collection of assessments and the issuance of bonds, and so fail to create the special fund with which the judgment is to be paid. Any such unreasonable delay, under a proper state of facts, could be interpreted by the trial court as a voluntary abandonment entitling the condemnee to a judgment of dismissal and an award of attorneys' fees under section 1255a of the Code of Civil Procedure. But in the instant case respondents took no steps to protect their rights until after the city had been enjoined from further proceeding. As already held, that was too late. The abandonment then become involuntary and no attorneys' fees can be recovered.

Respondents contend that the Blackburn injunction did not declare the ordinance involved void, and is thus to be distinguished from the injunction involved in the Abbott case. A reading of the two decrees indicates that in fact the Blackburn decree is broader than the decree involved in the Abbott case. The injunction here involved

decreed "That ordinance No. 45,575 (New Series), and all proceedings under said ordinance are hereby restrained and enjoined from paying out any money of said city . . . for any costs or expenses incurred in connection with the improvements provided by said ordinance No. 45,575 (New Series)," and further that the city and its employees "are forever enjoined and restrained from proceeding under the said assessment or from taking any action thereunder". The decree effectually restrained the city from further proceeding under the ordinance.

Appellant also contends that although respondents are entitled to their usual costs they are not entitled to any allowance for expert witness fees except the statutory amount for witnesses generally. This is undoubtedly correct, but it does not appear whether the trial court made any such allowance, the costs allowed being awarded in a lump sum. For the guidance of the trial court it should be added that although it is true, as respondents claim, that section 1871 of the Code of Civil Procedure in reference to expert witness fees has no application to this case, having been passed after the trial of this action, under the decision of the Abbott case all that respondents are entitled to is their ordinary costs, which do not include expert witness fees.

The respondents are entitled to a dismissal of the action with ordinary costs of suit. Inasmuch as it cannot be ascertained what the ordinary costs are, the award being in a lump sum, the judgment and order appealed from will have to be reversed. It is so ordered. Both sides to bear their own costs on this appeal.