[Civ. No. 19404.   First Dist., Div. Two.   Aug. 22, 1961.]

MOUNTAIN VIEW UNION HIGH SCHOOL DISTRICT OF SANTA CLARA COUNTY, Appellant, v. MAMIE ORMONDE et al., Respondents.

[Civ. No. 19470.   First Dist., Div. Two.   Aug. 22, 1961.]

MOUNTAIN VIEW UNION HIGH SCHOOL DISTRICT OF SANTA CLARA COUNTY, Respondent, v. MAMIE ORMONDE et al., Appellants.

Spencer M. Williams, County Counsel, Robert P. McNamee and Selby Brown, Jr., Deputy County Counsel, for Appellant in No. 19404 and Respondent in No. 19470.

Machado, Feeley & Machado and John H. Machado for Respondents in No. 19404 and Appellants in No. 19470.

DRAPER, J.—An almost unbelievable accumulation of procedural snarls in this eminent domain proceeding has led to the present appeal by condemner from judgment awarding costs and attorneys' fees to defendant condemnee.

The action was commenced to condemn for school purposes some 50 acres of an 80-acre parcel owned by defendant. Two months later the school board adopted a supplementary resolution, reducing the proposed take to 40 acres, and revising accordingly the metes and bounds description. An "amend-

ment and supplement to complaint" was filed, setting forth the new resolution.

These resolutions, incorporated in plaintiff's pleadings, purported to reserve to condemnee, and to exclude from the interest to be taken, certain wells and an easement to transport water therefrom to the lands of condemnee which were not to be taken. Water from these wells joined that of one well on land of condemnee not to be taken, and flowed through a system of pipes and an open ditch over the land to be taken. The resolution, incorporated in the complaint, was hopelessly ambiguous as to the nature of the easement for passage of this water over the land to be taken, and seemed rather clearly to exclude from such easement water from the third well. It failed to provide for access by condemnee to the easement for purposes of maintaining the pipes, and to the wells for purposes of maintenance, repair and replacement of pumps or for cleaning or deepening the wells.

"There is nothing more obviously essential to plaintiff's case than a sufficient description of that which it proposes thus to acquire." (*Aliso Water Co.* v. *Baker,* 95 Cal. 268, 270 [30 P. 537]; see also *Sacramento etc. Dist.* v. *Pacific Gas & Elec. Co.,* 72 Cal.App.2d 638 [165 P.2d 741].) While she might have raised this issue by demurrer, defendant condemnee chose to do so by way of special defense alleged in her answer.

At pretrial conference, she asked that trial of the special defenses be separately set before the court, with a later date being set for trial to a jury of the issue of damages. Plaintiff district did not join in the request, and but a single trial date was set, before a jury.

When trial began, the trial court quite properly amended the pretrial order to provide for separate trial to the court alone of the special defenses, commenced trial of these issues outside the presence of the jury, and then excused the jury panel until conclusion of this first phase of the case. After full hearing, the court, on June 2, sustained the defense that complaint and resolution inadequately described the property interest reserved to condemnee, and thus failed to describe the interest to be taken. On July 14, the court filed findings and conclusions, and entered judgment thereon in favor of defendant. The judgment specifically was limited to the one special defense. Significantly, it did not order dismissal of the action or in any way terminate the main proceeding. Rather, it adjudged that the complaint was "uncertain" and "am-

biguous'' as to the extent of the proposed taking, and that the resolution failed to set forth ''a sufficient description of the property plaintiff seeks to condemn or the interest in the property that it seeks to take from the defendant.'' Despite this clear indication that the sustained defense went only to the form of the complaint and resolution, plaintiff district failed to offer any amendment of the complaint proper or of the resolution pleaded therein. It did, on June 2, but apparently after announcement of the trial court's decision, offer a written ''stipulation'' signed by a deputy county counsel, providing that any judgment entered ''may include'' as a part thereof provisions which would substantially cure the ambiguities of complaint and resolution. Attached to the stipulation were copies of three resolutions of the school board, two authorizing the stipulation and one purporting to ''supplement'' the resolution to condemn. For reasons which are not apparent, since benefits to the district are not discernible, this stipulation and the resolution attached to it, like the original resolution, provided that defendant's right to use the water and the easement for it should terminate whenever defendant ceased to use its remaining land for ''agricultural purposes.'' Nowhere did this stipulation provide for amendment of the complaint. Appellant's briefs do not seek to explain the failure to amend, although in response to a question at oral argument counsel stated that he declined to amend his complaint because he thought the decision of the trial court was incorrect. Significantly, appellant district wholly fails, in this appeal, to assert any error in the sustaining of the special defense to the action as pleaded in the complaint before the trial court.

On August 24, counsel for appellant district prepared a form of ''Final Judgment,'' which recited the fact of hearing on the special defenses and the filing of findings and conclusions, and provided, ''It is ordered, adjudged and decreed that the Plaintiff's condemnation action should be and is hereby dismissed and that the Defendant recover its costs in the amount of $_____.'' This document was thereafter presented to the court and served on defense counsel. Although it was never signed, it was in some mysterious way filed by the county clerk, and an entry made in the register of actions: ''Oct 8 Final Judgment Filed.'' In equally inexplicable fashion, the filed document disappeared from the clerk's file, and was reproduced for the record here from counsel's copy thereof.

On November 13, another judgment, which admittedly was prepared by the county counsel, was presented to and signed by the trial judge. It was in the same form, except for a provision that it was without prejudice to plaintiff's "right to file a new condemnation action on the subject property," and except, also, for the fact that the blank for costs was filled in (presumably by the trial judge) as $10,000.

Thereafter, this judgment was vacated on defendant's motion on the ground that it was inadvertently entered, and on December 4 the ultimate final judgment, from which this appeal is taken, was entered. This judgment recites a finding that plaintiff "has abandoned said action and requested a final judgment of dismissal and that defendant . . . recover her costs." Interspersed with these involved proceedings following close of trial had been a number of hearings upon motion to tax costs. The judgment taxed these costs at $12,532.64, including attorneys' fees of $10,000, and an allowance for services of appraisers in preparing for appearance as expert witnesses at trial. Plaintiff's notice of appeal is limited to the portion of the judgment finding that it abandoned its proceeding, and that awarding attorneys' fees and costs. The judgment on the special defense is not attacked, either by the notice of appeal or by the briefs.

▮ Costs, in the usual sense of the word, may be allowed or apportioned in the discretion of the trial court (Code Civ. Proc., § 1255). However, to allow attorneys' fees and necessary expenses in preparing for trial, there must be a voluntary abandonment of the proceedings by the condemner (Code Civ. Proc., § 1255a.) The code section recognizes that the abandonment may be either express or implied. ▮ It has been suggested that the only implication allowed by the statute is that flowing from failure of the condemner to pay an award within 30 days after final judgment. (*City of Los Angeles* v. *Hannon,* 79 Cal.App. 669, 676 [251 P. 247].) The better and later view, however, is that the section is not so restrictive. (See *City of Los Angeles* v. *Abbott,* 217 Cal. 184, 197 [17 P.2d 993].)

▮ Of course, discontinuance of an action under the duress of an injunction is not abandonment (*City of Los Angeles* v. *Agardy,* 1 Cal.2d 76 [33 P.2d 834]; *City of Los Angeles* v. *Abbott, supra*), and it has been held that dismissal for delay in prosecution similarly is insufficient to invoke section 1255a (*City of Bell* v. *American States Water Service*

*Co.,* 10 Cal.App.2d 604 [52 P.2d 503] ).     Likewise, voluntary dismissal of an action to condemn part of a defendant's land, followed by prompt filing of an action to take the entire parcel, falls short of voluntary abandonment. (*County of Los Angeles* v. *Hale,* 165 Cal.App.2d 22 [331 P.2d 166].)

But no element of bad faith is required to establish a voluntary abandonment which warrants award of attorneys' fees. On the contrary, dismissal of an eminent domain proceeding by a school district because of a subsequent condemnation by the state has been held to bring section 1255a into play. (*Torrance Unified School Dist.* v. *Alwag,* 145 Cal.App. 2d 596 [302 P.2d 881].)     As there pointed out, abandonment is the intentional relinquishment of a known right.

In the case at bar, such relinquishment seems clear. Upon the court's announcement that it would sustain the special defense, condemner was obviously and completely free to amend its complaint and proceed to trial of the issue of value and to final judgment. The trial court carefully refrained from terminating the action, thus preserving condemner's right to amend. This freedom continued for six months. Plaintiff failed and refused to avail itself of this opportunity. Instead, it presented to the court, on two occasions, forms of judgment of dismissal, the latter of which was signed. It is significant that, although three years have passed since commencement of the action, and more than two since the ruling upon the special defense, condemner nowhere suggests that it has commenced another proceeding to condemn this property, although that right was specifically reserved to it here. The ruling of the court on the special defense was eminently proper, as condemner concedes by excluding it from the notice of appeal and by failing to attack it in this court.

Care on the part of the district in the drafting of the resolution to condemn would have avoided this problem in the first place. Diligence and desire for fair play could have remedied it by amendment. Neither course was followed. Rather, the proceeding was dropped. The conclusion is inescapable that the district, for reasons of its own, determined not to proceed despite the cost and inconvenience it had caused defendant owner.

While the district is entirely free to change its mind, equity and fairness indicate that it should bear the costs of its indecision.

Appellant condemner asserts that there is insufficient evidence to support the award of attorneys' fees and costs in preparation for trial. ■■■■ The value of an attorney's services is a matter with which a judge is necessarily familiar. (*Spencer* v. *Collins,* 156 Cal. 298 [104 P. 320, 20 Ann.Cas. 49].) Fixing of a reasonable fee, is committed to the sound discretion of the trial judge, and an appellate court will inquire only whether "the sum allowed is so exorbitant that its allowance constitutes a palpable and plain abuse of discretion." (*State* v. *Westover Co.,* 140 Cal.App.2d 447, 450 [295 P.2d 96].) ■■■■ Here defense counsel was compelled to prepare his entire case on the issue of value as well as the special defenses. The trial judge who conducted the entire proceeding fixed the fee. We find no reason to interfere with his determination.

■■■■ As to the fees of appraisers and other items of costs, defendant filed on the motion to tax costs a detailed affidavit as to the nature and value of the services. Since there was no objection to the affidavit, it may be considered here. (*Estate of Fraysher,* 47 Cal.2d 131, 135 [301 P.2d 848].)

■■■■ The cost of consultation with expert appraisers, as distinguished from their witness fees, is a necessary expense incurred in preparing for trial, within the meaning of section 1255a. (*Metropolitan Water Dist.* v. *Adams,* 23 Cal.2d 770, 773 [147 P.2d 6].) Here it is apparent that defendant was compelled to consult such appraisers and prepare them for trial before the date set for trial of all issues, including that of value. On motion to tax costs, it was conceded that the fees are reasonable.

We conclude that the judgment awarding costs and disbursements to defendant owner is proper.

■■■■ Defendant appeals from the order expunging from the record the October 8 entry in the Register of Actions "Final Judgment Filed." Since the asserted "judgment" admittedly was never signed, the order expunging this entry was entirely proper.

Judgment and order affirmed. Costs on appeal are awarded to defendant.

Kaufman, P. J., and Shoemaker, J., concurred.

In Civ. No. 19404 appellant's petition for a rehearing was denied September 21, 1961, and its petition for a hearing by the Supreme Court was denied October 17, 1961.