[Civ. No. 21679. First Dist., Div. Three. Oct. 28, 1964.]

ELSIE FRUSTUCK, Plaintiff and Respondent, v. CITY OF FAIRFAX, Defendant and Appellant.

Wallace S. Myers for Defendant and Appellant.

Gardiner, Riede & Elliott for Plaintiff and Respondent.

DEVINE, J.—Respondent Frustuck brought an action for damages against appellant city on the theory of inverse condemnation by alleged diversion of water over her property, and for injunction against repetition of the city's acts. She was awarded judgment for $5,000 damages for inverse condemnation unless, within four months after the judgment be-

came final, appellant would divert the flow of water in excess of that which could be carried by a 20-inch culvert, in which event the $5,000 would not be payable; but a permanent injunction would be made enjoining the city from depositing any such excess waters upon respondent's property, in excess of those within the capacity of a 20-inch culvert.

Within the four-month period, on July 24, 1961, appellant city moved for an order entering satisfaction of judgment. The motion was supported by affidavits that respondent had been paid $201.25 ($150 for intentional trespass, $51.25 for costs), and that the capacity of the new culvert had been reduced to 20 inches. On August 2, 1961, the trial court filed its order that a partial satisfaction in the sum of $201.25 be entered and that respondent was entitled to the injunction, as aforesaid.

On appeal the judgment was reversed insofar as it awarded damages in the sum of $5,000 for inverse condemnation, on the ground that respondent had not proved she had suffered any legal damages as a result of the diversion of waters. The judgment was also reversed insofar as it granted a permanent injunction, on the ground that respondent was not entitled to such injunction because the public use had intervened. Since the election given to appellant to divert the excess flow of waters within the four-month period had been taken by appellant, the propriety of the trial court's direction in that respect was deemed moot. The order of August 2 was affirmed insofar as it directed satisfaction of the judgment for $201.25, and was reversed in all other particulars. (212 Cal.App.2d 345 [28 Cal.Rptr. 357].)

On April 8, 1963, respondent moved for relief in the superior court under Code of Civil Procedure section 1255a, and obtained an order awarding her judgment for $750 for attorneys' fees and $274 in expert witness fees. From this order and judgment, appellant now appeals.

Respondent's claim for these expenses is based on the premises that the discontinuance by the city of use of a larger culvert than the 20-inch one amounted to an ''abandonment'' of inverse condemnation, and that there is statutory authority in case of abandonment for allowance of the expenses.

### The Statute

When this action was filed, and when the judgment was rendered in the superior court, section 1255a of the Code of Civil Procedure was briefer than it has been since its amendment in 1961, but the substance is the same so far as it is

relevant to this cause. It read: *"Plaintiff* may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on *defendants* and filing in court a written notice of such abandonment; and failure to comply with section 1251 of this code shall constitute an implied abandonment of the proceeding. Upon such abandonment, express or implied, on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the *defendants* their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; provided, however, that upon judgment of dismissal on motion of plaintiff, *defendants,* and each of them, may file a cost bill within thirty (30) days after notice of entry of such judgment; that said costs and disbursements shall not include expenses incurred in preparing for trial where the said action is dismissed forty days prior to the time set for the trial of the said action." (Stats. 1933, ch. 254, p. 790; italics supplied.) The statute literally refers to *defendants* only as the parties to whom expenses may be allowed on abandonment.

Respondent argues, however, that the city, having moved against her property by actual taking, must be regarded as the plaintiff, and she must be regarded as defendant, even though the legal action, forced upon her, has compelled her to become plaintiff in name against the city, as defendant in name. Therefore, she says, the courts should interpret the words "plaintiff" to mean "condemner" and "defendant" to mean "condemnee," where the words "plaintiff" and "defendant" appear in section 1255a.

Respondent argues that the legislative purpose should not be sacrificed to literal construction, citing *Select Base Materials, Inc.* v. *Board of Equalization,* 51 Cal.2d 640, 645 [335 P.2d 672].

1. The principle cited is sound, but it must be considered together with the statutory declaration that in construing a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein. (Code Civ. Proc., § 1858.) A court may not speculate that the Legislature meant something other than what it said. (*County of Los Angeles* v. *Read,* 193 Cal.App.2d 748, 752 [14 Cal.Rptr. 628].)

To convert the word "defendant" to "condemnee," who in an action in inverse condemnation would be the *plaintiff,* would indeed be an extraordinary translation, and could be done, if at all, only upon the clearest showing that this is the true will of the Legislature. A brief examination of the nature and purpose and operation of the statute is made, as described in the succeeding paragraphs, for the purpose of determining whether such showing has been made.

2. There is no constitutional requirement that attorneys' and experts' fees be made allowable. They are not allowable in eminent domain proceedings which are carried through, and not abandoned, by the condemner. (*City of Los Angeles* v. *Abbott,* 217 Cal. 184, 195, 196 [17 P.2d 993]; *Pacific Gas & Elec. Co.* v. *Chubb,* 24 Cal.App. 265 [141 P. 36]; *City of Los Angeles* v. *Vickers,* 81 Cal.App. 737 [254 P. 687]; *People* v. *Bowman,* 173 Cal.App.2d 416 [343 P.2d 267].) Nor is there provision for attorneys' and experts' fees where an action in inverse condemnation is carried through.

Attorneys' fees were not allowable on abandonment of eminent domain before 1911. (*Southern Pacific R. R. Co.* v. *Reis Estate Co.,* 15 Cal.App. 216 [114 P. 808, 810].) Fees of appraisers (except appraisers appointed by the court) were not allowable until 1961. (*Metropolitan Water Dist.* v. *Adams,* 23 Cal.2d 770 [147 P.2d 6]. See 36 State Bar J. 462 (1961).)

The matter of ordinary costs is different. It has been held that a condemnee is constitutionally entitled to these as part of his full measure of compensation. (*Heimann* v. *City of Los Angeles,* 30 Cal.2d 746, 753 [185 P.2d 597].) We turn, therefore, to the statute. It is the sole possible source of respondent's claim. (*La Mesa-Spring Valley School Dist.* v. *Otsuka,* 57 Cal.2d 309, 313 [19 Cal.Rptr. 479, 369 P.2d 7].)

3. The whole pattern of the title of eminent domain in the Code of Civil Procedure (title VII of part III, in which section 1255a is contained) is related to special proceedings commenced by a condemner. In particular, in the first section under the title, it is said that "This right [eminent domain] may be exercised in the manner provided in this title." There is no statement that the title or any part of it relates to the procedure whereby a property owner brings an action claiming that his property has been taken.

A governmental unit which commences a proceeding in direct condemnation is chargeable with knowledge, from the statute, that under certain conditions described in that

statute it will be liable for fees and expenses, above ordinary costs, if it abandons the proceeding. The statute operates to prevent the condemner, within reasonable limits, from prosecuting successive claims (*City of Los Angeles* v. *Deacon,* 3 Cal.2d 641, 648 [46 P.2d 165]; *City of Los Angeles* v. *Abbott, supra,* 217 Cal. 184, 200), and to protect innocent owners against expenses to which they may be put in preparing a defense which has become unnecessary because the condemner for any reason chooses to give up the intended taking (*County of Kern* v. *Galatas,* 200 Cal.App.2d 353, 358, 359 [19 Cal.Rptr. 348]). The action commenced by the governmental unit, where inverse condemnation is involved, is not a judicial one commenced by lawyers, but a physical one commonly initiated by agencies engaged in some of the multifold works of the government. If it were possible to sustain respondent's position, it could only be because of substantial identity of her action against the city with a proceeding in direct condemnation, since, as said above, a wide departure from the meaning of the words of the statute would be required.

4. The procedure for allowing fees under section 1255a is a restricted one. As examples, dismissal for delay in prosecution is insufficient to constitute abandonment (*City of Bell* v. *American States Water Service Co.,* 10 Cal.App.2d 604, 607 [52 P.2d 503]), and appraisers' fees are not allowed if the action is dismissed 40 days prior to the trial date set (or, since 1961, the pretrial date). (*La Mesa-Spring Valley School Dist.* v. *Otsuka, supra,* at p. 313.) Abandonment, under the statute, is accomplished by filing written notice of abandonment or by failing to pay the sum awarded by judgment within 30 days after it has become final. Neither of these events occurred in this case.

It is true that, by a liberal construction of the statute, attorneys' fees probably may be recovered upon a voluntary abandonment of an eminent domain suit which has occurred in a manner other than those particularly described. (*City of Los Angeles* v. *Abbott, supra,* p. 197; *Mountain View Union High School Dist.* v. *Ormonde,* 195 Cal.App.2d 89, 94 [15 Cal.Rptr. 461].) But it must be an abandonment and it must be voluntary. So, when the proceeding is halted by an injunction, there is not a voluntary abandonment and expenses are not allowed. (*City of Los Angeles* v. *Agardy,* 1 Cal.2d 76 [33 P.2d 834]; *City of Los Angeles* v. *Abbott, supra.*)

In our case, there is argument whether the discontinuance by the city of the larger diversion of water, made after judgment imposing damages unless such discontinuance were accomplished within four months, was, as appellant argues, involuntary as having been forced by the alternative judgment, or, as respondent would have it, was voluntary as having been a choice which the city could make regardless of the judgment, and which the court impliedly found, by the order now appealed from, to have been voluntary. ▮ Considering, as above set forth, that to hold with respondent would require a complete transposition of the terms "plaintiff" and "defendant," we do not believe that an intent of the Legislature is to be found which would necessitate the rather difficult determination whether cessation of a physical taking at various stages of an action in inverse condemnation was voluntary or not. The test in an action in direct condemnation, whether discontinuance by the plaintiff condemner of its lawsuit was voluntary or was required by judicial decree, is relatively simple.

No doubt the Legislature could provide for the claimed allowances. We conclude that it has not done so, and that respondent is not entitled to expenses under section 1255a of the Code of Civil Procedure.

Order and judgment appealed from reversed.

Draper, P. J., and Salsman, J., concurred.