[Civ. No. 1887. Second Appellate District.—November 17, 1916.]

SILVER LAKE POWER AND IRRIGATION COMPANY (a Corporation), Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), et al., Respondents.

EMINENT DOMAIN—ABANDONMENT OF PROCEEDINGS—DISMISSAL OF ACTION—PROCEDURE.—In an action in eminent domain where the plaintiff proposes to abandon the proceedings, the judgment of dismissal of the action which is to be entered is not the one which the clerk of the court is authorized to enter under the provisions of section 581 of the Code of Civil Procedure, but is the one entered by the court upon motion of the defendant as provided by section 1255a of such code.

ID. — ATTORNEY'S FEES AS COSTS — CONSTITUTIONAL PROVISION. — The portion of section 1255a of the Code of Civil Procedure which authorizes the court upon the abandonment by the plaintiff of a proceeding in eminent domain to include in the costs assessed against the plaintiff the fee of the defendant's attorney in the proceeding, is not violative of the fourteenth amendment of the constitution of the United States, nor of the provisions of the constitution of the state of California requiring that laws of a general nature shall be uniform in their operation and prohibiting the passage of special laws.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

Newman Jones, for Appellant.

Albert Lee Stephens, City Attorney, W. B. Mathews, and S. B. Robinson, for Respondents.

JAMES, J.—This was an action in eminent domain. The case was originally brought in the county of Mono; thereafter, because of the disqualification of the judge of the superior court of that county, it was transferred to the county of Alpine for trial; thereafter, on a showing made that the convenience of the witnesses would be better subserved thereby, another order of transfer was made, and the suit was finally located in the superior court of the county of Orange. The defendants had answered in the action, but before trial the attorney for the plaintiff, claiming the right so to do under the provisions of subdivision 1 of section 581 of the Code of Civil Procedure, made his written request to the clerk for a dismissal of the action, which was filed on June 28, 1915. On the same day the clerk made this entry in his docket: "This case is hereby dismissed." On the thirtieth day of June a written notice was given to the defendants of the action so taken, and on July 1st of the same year defendants served upon appellant their notice of motion for judgment of dismissal and for costs and attorney's fees, which they claimed under the provisions of section 1255a of the Code of Civil Procedure. This motion came on for hearing on the twenty-third day of July, 1915, whereupon the court made its order agreeable to such motion, directing that the action be dismissed and that defendants recover their costs, including a reasonable attorney's fee. On the day of the making of that order the defendants served and filed in the office of the clerk of the superior court of Orange County their memorandum of costs and disbursements, which included a charge of five hundred dollars as attorney's fee. Thereafter the plaintiff made a motion to retax costs, moving to strike out all of the items included in the cost bill, which motion, after hearing, was denied, and this appeal was then taken from the judgment.

Subdivision 1 of section 581 of the Code of Civil Procedure, by the authority of which the plaintiff assumed the right to dismiss its action by filing written request therefor with the clerk, is a general section providing the rule of procedure in actions not subject to some special requirement made by law. Section 1255a relates to condemnation proceedings only and furnishes a special rule. That section reads as follows: "Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendant and filing in

court a written notice of such abandonment; and failure to comply with section 1251 of this code shall constitute an implied abandonment of the proceeding. Upon such abandonment, express or implied, on motion of defendant, a judgment shall be entered dismissing the proceeding and awarding the defendant his costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; provided, that said costs and disbursements shall not include expenses incurred in preparing for trial where the said action is dismissed forty days prior to the time set for the trial of the said action." The propositions advanced by the appellant are mainly to be resolved upon the question as to the constitutionality of the section 1255a above quoted. By an examination of the provisions of that section it readily appears that the judgment of dismissal therein provided to be made where a plaintiff in condemnation proposes to abandon his action, is one which the clerk is not authorized to enter as he is in the generality of cases covered by section 581 of the Code of Civil Procedure. Viewing section 1255a as a valid enactment, then it appears that the only effect of a request to the clerk for a dismissal of the action and notice of such request to the opposite party would be to apprise the defendant in such a suit of the determination on the part of the plaintiff to abandon the action. Thereupon the defendant would be permitted to proceed as is provided by section 1255a, and ask the court by a motion for a judgment of dismissal and for his costs. The procedure followed by the defendants, after they had been apprised that plaintiff had abandoned its action, was strictly in accordance with that outlined in the section under consideration. It is insisted that by the enactment of section 1255a the legislature has attempted to put into effect a law special in its nature and in violation of the provisions of the state constitution which declares that laws of a general nature shall be uniform in their operation, and that special laws shall not be passed touching procedure in courts of justice; and further that the fourteenth amendment of the federal constitution is violated upon the ground that under the provisions of section 1255a a defendant in a condemnation suit is deprived of property with-

out due process of law, and is denied the equal protection of the law. It is true, as has been held in numerous cases, that acts of the legislature of a special nature must find their justification in the reason for the distinctions which they create and rest upon natural and constitutional differences in the subject matter or persons treated of. Here the question is as to whether the allowance of attorney's fees as a part of the cost charges to a defendant, which are not provided to be allowed in all actions, amounts to the extending of a special consideration to one class of litigants as against others standing in a similar situation and in like classes. In the case of *City and County of San Francisco* v. *Collins,* 98 Cal. 259, [33 Pac. 56], our supreme court has pointed out that as section 14 of article I of the constitution provides that private property shall not be taken or damaged for public use without just compensation having first been made, the general statute relating to costs to be allowed to a plaintiff in an action cannot be made to apply in condemnation cases. In this decision it is quite clearly intimated that, by reason of the constitutional guaranty, suits in eminent domain are properly subject to different treatment in the matter of the rights of the parties to costs than are civil suits in general. But our attention is called to the case of *City of Sacramento* v. *Swanston,* 29 Cal. App. 212, [155 Pac. 101], wherein the precise question here argued was fully considered by the court and the constitutionality of section 1255a, in the particulars here subjected to attack, fully sustained. The court in that decision has gone extensively into the authorities, and we think the reasoning used is sound and we adopt it with the conviction that the law is there correctly declared. Having reached this conclusion, the main point of contention on this appeal is disposed of. Counsel has said that the memorandum of costs filed by the defendants was filed more than five days after the notice of the dismissal of the action was given. The point of that argument depends altogether upon the matter as to which order of dismissal was effectual. Under the conclusion already expressed on the main question, it follows that the clerk was without authority to enter the dismissal at the written request of plaintiff and that a judgment of dismissal could only be entered, as was done, by the court upon application made therefor by motion. The cost bill was filed in time.

There is a further contention that requires brief consideration; Counsel who appeared for the city testified upon the hearing of the motion to tax costs as to the attorney's fees which had been charged in the memorandum. The court's allowance was for the sum of five hundred dollars on this account. Counsel for appellant argues that the attorney's fees were not shown to have been specially incurred by the city in that the attorney who represented it had other employment with the city for which he received a fixed compensation. This is hardly a correct statement of the situation as shown by the testimony given. Mr. Robinson, the attorney in question, testified that he had been, up to June, 1913, a deputy city attorney, and while acting as such deputy had had charge of a number of cases which included this one; that immediately after his resignation as such deputy, the city employed him under a special contract upon retainer of three hundred dollars per month to handle to conclusion this case and six or seven others; that the compensation was to cease when all of the cases had been concluded, and that at the time of the dismissal of this action a total amount had been paid to him as attorney's fees of about seven thousand dollars; that he had performed a great deal of labor in and about this case and that he had apportioned what he considered a very reasonable amount, to wit, one-fourteenth of the total amount paid to him, as properly being applicable to the work he had done in connection with this particular litigation. Upon this showing we think the court was furnished with ample evidence upon which to make the allowance in the amount specified in the cost bill as for attorney's fees incurred. Other smaller items contained in the cost bill are not made the subject of attack, except as they are included in the general argument touching the constitutionality of the statute.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.