[Civ. No. 12484. Second Dist., Div. One.—July 7, 1941.]

WHITTIER UNION HIGH SCHOOL DISTRICT, Appellant, v. FRIEDA MARGARET BECK, Respondent.

J. H. O'Connor, County Counsel, and Douglas De Coster, Deputy County Counsel, for Appellant.

William H. Brawner and Caryl Warner for Respondent.

DORAN, J.—The plaintiff in a proceeding in eminent domain appeals from a judgment dismissing the proceeding on motion of the defendant. The motion for dismissal was made pursuant to section 1255a of the Code of Civil Procedure on the ground that the proceedings had been abandoned by the plaintiff. The motion was granted and the defendant was accordingly awarded her costs and disbursements, including attorney's fee.

The appeal is taken upon a bill of exceptions and it appears therefrom that on July 13, 1938, plaintiff's complaint in eminent domain was filed herein and answered by respondent, one of the defendants, and that thereafter, on February 21, 1939, plaintiff filed with the clerk of the court a request for dismissal with prejudice, pursuant to section 581, subdivision 1, of the Code of Civil Procedure; and the dismissal was accordingly entered by the clerk. No appeal has been taken from the said order of dismissal, nor has any motion to set the same aside been made under the provisions of section 473 of the Code of Civil Procedure, and the said order of dismissal has never been set aside or vacated. Subsequently, on March 10, 1939, respondent made her motion for dismissal as above noted.

In opposition to respondent's motion for dismissal appellant plaintiff filed two affidavits, which are set forth at length in the bill of exceptions, and from which it appears that appellant's reason for requesting a dismissal of the proceeding under section 581, as above noted, was because appellant had acquired by purchase the real property which was the subject of the proceeding in eminent domain.

Appellant specifies as error the judgment of dismissal and the awarding of attorney's fees to respondent. Respondent contends that an eminent domain action cannot

be dismissed by an *ex parte* filing of a request for dismissal with prejudice under section 581, Code of Civil Procedure, subdivision 1, and that the filing of such a dismissal operated as an abandonment and properly supported a subsequent motion for dismissal by defendant under section 1255a, Code of Civil Procedure; and cites *Silver Lake Power & Irrigation Co.* v. *City of Los Angeles,* 32 Cal. App. 123 [162 Pac. 432], as directly passing upon the point here involved. Respondent also contends that the bill of exceptions does not contain all of the pleadings, evidence, papers and files upon which the motion to dismiss was made and upon which the judgment of dismissal was based; and also contends that the notice of appeal herein was not filed in time. There is no merit in either of the latter contentions of respondent. The notice of appeal is shown to have been filed within sixty days from the entry of the judgment of dismissal appealed from; and it would appear that respondent does not seriously press the point. The bill of exceptions contains a statement to the effect that at the hearing on defendant's motion to dismiss the action there was no evidence introduced other than the affidavits by plaintiff in opposition to said motion, the files, papers, pleadings, and minutes; and respondent has stipulated that the bill of exceptions is true and correct. It would appear, therefore, that the bill of exceptions contains a sufficient statement of the facts pertaining to the question here presented. Respondent's argument that the affidavits are not "by plaintiff" because they are by witnesses on behalf of plaintiff, and that while the bill of exceptions recites that it is "true and correct" it contains no showing or recital that it is "full and complete," amounts to little more than quibbling. The record here contains sufficient facts to reveal that plaintiff had requested and obtained a dismissal of the action under section 581, Code of Civil Procedure, subdivision 1, because the property, the subject of the suit, had been acquired by purchase; and that thereafter defendant obtained a judgment of dismissal under section 1255a, Code of Civil Procedure, on the ground that plaintiff had abandoned the action. The question of law involved is squarely presented by the record.

That section 1255a of the Code of Civil Procedure, providing for an award of reasonable attorney fees, necessary expenses, etc., to a defendant in a proceeding in eminent do-

main on abandonment thereof by plaintiff, and for the manner in which the said proceeding may be dismissed, applies only in instances where there has been an actual abandonment, express or implied, is too plain to require discussion. The language of the section itself plainly indicates its proper application and the authorities on the point are in accord therewith. (See: *Pacific Gas etc. Co.* v. *Chubb,* 24 Cal. App. 265, 270 [141 Pac. 36]; *City of Bell* v. *American States Water Service Co.,* 10 Cal. App. (2d) 604 [52 Pac. (2d) 503]; *People* v. *Southern Pac. R. R. Co.,* 17 Cal. App. (2d) 257 [61 Pac. (2d) 1184]; and note in 121 A. L. R. at p. 92 et seq.)

 The sole question properly presented by this appeal, therefore, is whether the dismissal of the action by the plaintiff after the purchase of the property constituted an abandonment of the proceedings within the meaning and application of section 1255a. Obviously, there was no such abandonment. The property in question had been acquired by purchase, plaintiff had achieved the purpose of the suit, the matter had been settled out of court and there was no further necessity of a judgment of condemnation. Plaintiff having acquired the property which formed the subject of the proceeding in eminent domain could hardly be said to have abandoned its efforts to acquire the same. The question is answered by the apparent purpose for which section 1255a was enacted, namely, "to meet certain abuses arising out of resort to the action without seriously intending to prosecute it to a conclusion." (*Pacific Gas etc. Co.* v. *Chubb, supra,* at page 270.) Certainly, plaintiff's good faith in the instant case was shown when the property was actually purchased. There can be no question that in cases other than abandonment, there being no provision therefor found under the title "Eminent Domain" (Title VII) in Part III, Code of Civil Procedure, a proceeding in eminent domain may be dismissed as elsewhere provided by the said code, as under section 581, subdivision 1, in the instant case. *People* v. *Southern Pacific R. R. Co., supra,* at pp. 263, 264, provides a complete answer to the question here presented, and distinguishes the Silver Lake Power & Irrigation Co., case, *supra.* Also see *City of Bell* v. *American States Water Service Co., supra,* wherein dismissal of a proceeding in eminent domain under section 583, Code of Civil Procedure, was upheld.

It follows that under the circumstances the trial court erred in entertaining respondent's motion for dismissal under section 1255a, Code of Civil Procedure, in entering judgment of dismissal pursuant thereto and in awarding respondent her attorney's fees.

The judgment appealed from is therefore reversed.

York, P. J., and White, J., concurred.