[Civ. No. 23268.   Second Dist., Div. One.   Nov. 10, 1958.]

COUNTY OF LOS ANGELES, Respondent, v. BESSIE L. HALE et al., Appellants.

Roger J. Pryor and Pauline Day Bakst for Appellants.

Harold W. Kennedy, County Counsel, and A. R. Early, Deputy County Counsel, for Respondent.

LILLIE, J.—On May 18, 1953, the county of Los Angeles filed a complaint in eminent domain, Number 613875, against 54 named defendants, including Bessie L. Hale, to condemn 29 separate parcels of land, one of which, Parcel 25-1, was a part of a larger tract owned by Bessie L. and Luther Hale, appellants. The taking was for the purpose of widening Santa Fe Avenue. Appellants filed their answer February 7, 1955, and the case was set for hearing on June 15, 1955. One week before trial, the action relating only to Parcel 25-1 was taken off calendar. As it related to the other 28 parcels, the action was tried resulting in a judgment for the county.

In the meantime, the county road department decided to modify the proposed alignment where Santa Fe and Chester Avenues intersect and take for that purpose not only Parcel 25-1 but the entire tract owned by appellants. To facilitate the taking of all of the property owned by the Hales at that location, including Parcel 25-1, the county on February 6, 1956, under section 581, Code of Civil Procedure, requested the clerk to dismiss action Number 613875 relating to Parcel 25-1; and on February 10, 1956, an order dismissing the same

was entered. On February 14, 1956, the Board of Supervisors directed the taking of the entire Hale tract, including the part originally sought (Parcel 25-1), and on April 30, 1956, the county filed a new complaint in eminent domain against appellants, Number 659700, to take the same. No other properties were involved in this action. The case was subsequently tried and final judgment entered May 15, 1958, by which the county has acquired title in fee to the entire Hale tract, including Parcel 25-1.

On October 31, 1957, pursuant to notice and under section 1255a, Code of Civil Procedure, appellants moved the court to enter its judgment of dismissal of the original case, Number 613875, relating to Parcel 25-1, as having been abandoned by the county, and awarding them costs, disbursements and reasonable attorney fees. The trial court denied it November 1, 1957, and the county served notice thereof on appellants advising them that the motion had been denied because there was no abandonment of the original proceeding, Number 613875, by reason of the fact a judgment of dismissal had already been entered February 10, 1956, and a new action, Number 659700, by which the county sought to take the same property plus adjoining property owned by appellants, had been filed and served.

On November 15, 1957, the county served on appellants a notice of dismissal entered by the clerk at the request of the plaintiff on February 10, 1956, in case Number 613875 relating to Parcel 25-1. No appeal has been taken from this order of dismissal, nor has any motion been made to set aside or vacate the same. No cost bill has been filed.

It is from the order denying appellants' motion for entry of judgment of dismissal and award of costs and attorney fees under section 1255a, Code of Civil Procedure, in case Number 613875, appellants appeal.

Appellants contend that the county abandoned the primary action relating to Parcel 25-1; that under section 1255a and *Silver Lake Power & Irr. Co.* v. *City of Los Angeles*, 32 Cal. App. 123 [162 P. 432], the order of dismissal was not properly entered on February 10, 1956; and that they are now entitled to a judgment of dismissal of the action, together with costs and attorney fees, under section 1255a.

Respondent defends the trial court's order on the ground that the action was properly dismissed by the county on February 10, 1956, under section 581, Code of Civil Procedure; that it did not at any time abandon condemnation proceedings

against the Hales and therefore could not and did not attempt to dismiss the action under section 1255a; and that appellants are not now entitled to a dismissal, costs or attorney fees under this section.

We are in accord with respondent's position. The record before us discloses a course of conduct on the part of the county entirely incompatible with abandonment. When it was obvious to the county that its road department, in modifying the proposed alignment of Santa Fe Avenue, needed the entire Hale tract instead of only that portion sought in the original action (Parcel 25-1), the county dismissed the complaint as to appellants only so that further proceedings could be had to take not only that previously designated as Parcel 25-1 in the original case, but all of the Hale's adjoining property. Following up this proposed plan several days after the order of dismissal was entered, the board of supervisors directed the taking of the entire Hale tract and a new suit was thereafter filed to condemn the same. The matter was tried, judgment was entered and the county now owns the land in fee.

It is quite apparent from the record that the county's request for dismissal on February 6, 1956, was not under section 1255a, but under section 581, subdivision 1, which generally provides for the dismissal of actions, permitting a plaintiff by written request to the clerk at any time before the actual commencement of the trial, to dismiss his complaint, and under which the clerk not only has the right but the duty to enter the order. That section 581 applies to condemnation cases in which there is no abandonment of the proceeding, is clear in *Whittier Union High School District* v. *Beck*, 45 Cal. App.2d 736 [114 P.2d 731]. At page 739, the court stated: "There can be no question that in cases other than abandonment, there being no provision therefor found under the title 'Eminent Domain' (Title VII) in Part III, Code of Civil Procedure, a proceeding in eminent domain may be dismissed as elsewhere provided by the said code, as under section 581, subdivision 1, in the instant case."

Contrary to appellants' contention, the county did not proceed under section 1255a. For that section to be at all applicable there must be an abandonment. Section 1255a provides in pertinent part: "Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendants and filing in court a written notice of such

abandonment; and failure to. comply with such section 1251 of this code shall constitute an implied abandonment of the proceeding. Upon such abandonment, express or implied, on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. . . .'' It is clear from the record before us, even under the cases relied upon by appellants defining ''abandonment'' that there has been none under section 1255a as construed in *Whittier Union High School District* v. *Beck*, 45 Cal.App.2d 736 [114 P.2d 731]. Pending the trial of condemnation proceedings in that case, the property sought to be taken was purchased outright by the condemnor who dismissed the action under section 581. Thereafter, the owner claiming the district by virtue of its dismissal abandoned the proceeding, obtained a judgment of dismissal and award of attorney fees under section 1255a. In reversing the judgment, the court found that under the facts there presented no abandonment existed and in the absence thereof, section 1255a does not apply, and that the dismissal under section 581 was proper and did not operate as an abandonment. Holding that section 1255a applies only in instances where there has been actual abandonment, express or implied (*Pacific Gas etc. Co.* v. *Chubb*, 24 Cal.App. 265 [141 P. 36] ; *City of Bell* v. *American States W. S. Co.*, 10 Cal.App.2d 604 [52 P.2d 503] ; *People* v. *Southern Pac. R.R. Co.*, 17 Cal.App.2d 257 [61 P.2d 1184]), the court discussed at length the question whether dismissal under section 581 constituted an abandonment of the proceedings within the meaning and application of section 1255a, and stated at page 739 : ''Obviously, there was no such abandonment. The property in question had been acquired by purchase, plaintiff had achieved the purpose of the suit, the matter had been settled out of court and there was no further necessity of a judgment of condemnation. Plaintiff having acquired the property which formed the subject of the proceeding in eminent domain could hardly be said to have abandoned its efforts to acquire the same. The question is answered by the apparent purpose for which section 1255a was enacted, namely, 'to meet certain abuses arising out of resort to the action without seriously intending to prosecute it to a conclusion.' (*Pacific Gas etc. Co.* v. *Chubb, supra*, at page 270). Certainly, plaintiff's good faith in the instant case was shown when the property was actually purchased.''

Of interest at this point is the recent Oklahoma Supreme Court case of *City of Ardmore* v. *Donham* (July, 1958), —— Okla. —— [328 P.2d 438]. This involved a condemnation action in which condemnor filed a dismissal thereof and then appropriated other land owned by condemnees for a right of way. The appeal arose out of the amount of the award and in discussing abandonment the court stated at page 439: ''A condemnor may discontinue and abandon condemnation proceedings and refuse to pay the damages assessed by the commissioners, but the filing of a dismissal does not necessarily constitute an abandonment, and if, as in this case, soon after filing a dismissal the condemnor takes other property owned by condemnee adjacent to that described in the petition, for the same purpose as set forth in the petition, the condemnor has not abandoned the proceedings.''

The pronouncement in these two cases, applied to the factual situation at bar, makes it clear that the trial court was wholly justified in finding no abandonment of the original proceeding relating to Parcel 25-1 existed, and the record amply supports it. Parcel 25-1, together with adjacent land owned by appellants was actually acquired by the county, not by outright purchase as in the Beck case, but by immediate subsequent condemnation as in the Donham case, wherein the county achieved the purpose of the original suit by acquiring not only the portion originally sought but the entire Hale tract. The county now owns the land by virtue of a final judgment entered in the subsequent condemnation proceeding, so it can hardly be said that the county abandoned its efforts to acquire Parcel 25-1. Certainly the county's good faith and actual intent to acquire the property was proved without question when the entire property was condemned in a subsequent suit and the fee ultimately acquired by it. This conduct could not reasonably constitute ''abandonment'' even under the definition urged by appellants in their cited case of *City of Los Angeles* v. *Abbott,* 129 Cal.App. 144 [18 P.2d 785], for neither the intention nor any external act evidencing intention to voluntarily relinquish the county's right and effort to take the property for public use is shown. It is more than obvious that the county seriously intended to prosecute the eminent domain proceeding to a conclusion when it originally filed the action. The main purpose of section 1255a was early expressed in *Pacific Gas etc. Co.* v. *Chubb* (1914), 24 Cal.App. 265, at page 270 [141 P. 36] : ''. . . to

meet certain abuses arising out of resort to the action without seriously intending to prosecute it to a conclusion.''

Appellants rely heavily on the case of *Silver Lake Power & Irr. Co.* v. *City of Los Angeles,* 32 Cal.App. 123 [162 P. 432], but because of its individual factual situation, it is of little aid to them. At the outset, no issue of abandonment existed for all conceded there was an abandonment of the proceedings. The condemnor did not proceed to acquire the property originally sought. The court found, and properly so, that the dismissal established abandonment. However, of importance is its holding that section 1255a does not apply unless an abandonment exists. The only real issue in the Silver Lake case was the constitutionality of section 1255a. The fallacy of appellants' reliance on this case is their assumption here that there was not a prior valid dismissal under section 581, subdivision 1, and that only section 1255a is applicable under which the clerk is not authorized to enter a dismissal.

Appellants take issue with the method employed by the county wherein they were not notified of the dismissal until long after it was entered. They contend that from the day the action was taken off calendar to October 21, 1957, they were not advised of any further action in the matter. We find it difficult to believe that with the filing of a new complaint covering property included in the original complaint, counsel would not know or suspect, or be put on notice that insofar as Parcel 25-1 was concerned, it having already been sued for in a prior complaint, that plaintiff would dismiss the same or at least proceed on the subsequent complaint. In any event for this delay we find no prejudice herein to appellants, since the dismissal was properly entered under section 581 and shortly thereafter a new complaint was filed seeking the entire property.

Appellants further complain that they prepared for trial in the original proceedings, were not notified until one week before that the matter was taken off calendar and that it is only fair they should be awarded their costs and counsel fees. After notice of dismissal of the action, appellants were entitled to recover costs upon filing a cost bill not later than ten days after notice of entry thereof. They did not elect to do so. The record discloses no cost bill filed by appellants. Since recovery of attorney fees is purely statutory, if appellants cannot invoke a code section allowing the same, they cannot prevail in their motion for an award. In eminent domain proceedings, the defendant may recover attorney fees

only in the event of an abandonment. (Code Civ. Proc., § 1255a.) Since this section is not applicable to the instant situation, regardless of the country's method of conducting its litigation, appellants are not entitled to recover attorney fees.

We conclude that there has been neither an express nor implied abandonment, either by its actions or by the county's dismissal under section 581; and that at no time has the county ever proposed to abandon condemnation of the parcel described in the original action. Because an order of dismissal was validly entered in the primary proceeding on February 10, 1956, and the county did not abandon the same, we conclude that the trial court properly denied appellants' motion for entry of a judgment of dismissal, costs and attorney fees under section 1255a.

For the foregoing reasons the order is affirmed.

White, P. J., and Fourt, J., concurred.