[Civ. No. 25. Fifth Dist. Feb. 15, 1962.]

COUNTY OF KERN, Plaintiff and Appellant, v. PHIL GALATAS et al., Defendants and Appellants.

Roy Gargano, County Counsel, and Rex R. Mull, Chief Deputy County Counsel, for Plaintiff and Appellant.

Vizzard, Baker, Sullivan & McFarland and James Vizzard for Defendants and Appellants.

STONE, J.—This is an appeal by plaintiff County of Kern from an order awarding defendant landowners attorney fees and costs by reason of abandonment of eminent domain proceedings. The County of Kern filed a complaint seeking to condemn the oil, gas, hydrocarbon and mineral interests of defendants in some 75.49 acres of land constituting a part of a

county airport. The complaint was filed August 29, 1959, defendants answered, and thereafter, on February 17, 1960, plaintiff and defendants entered into a written stipulation providing that plaintiff might file an amended complaint. The county then filed an amended complaint seeking to condemn only defendants' right of entry on 48.87 acres of the land. Defendants answered the amended complaint February 29, 1960, and the matter was set for trial January 16, 1961. However, on December 29, 1960, defendants moved for a dismissal of the original complaint and for their costs incurred in preparation of their defense as to the property interests which the original complaint sought to condemn but which were omitted from the amended complaint. Defendants asserted their right to costs under the provisions of Code of Civil Procedure section 1255a.

The matter was set for hearing, and after argument, ordered submitted. By a minute order on January 18, 1961, the court found that there had been a partial abandonment of the property in the condemnation proceeding, and allowed plaintiff 10 days within which to object to the cost bill. On January 24 the court entered its written order entitled "Order Granting Costs" and, in part, found as follows:

". . . the Court does hereby find that the amended complaint herein supersedes the original complaint filed herein, and that therefore the motion to dismiss should be granted, and further finds that there was a partial abandonment as to the property described in the original complaint, in that the amended complaint sought to condemn only a portion thereof, and further sought only to condemn the right of entry upon the surface thereof rather than the mineral rights underlying said property, and that the said defendants are therefore entitled to tax costs under the provisions of Code of Civil Procedure Section 1255A."

Subsequently costs were taxed, and the trial court reduced defendants' claim from $570.50 to $345. Plaintiff has appealed from the order which holds that there was an abandonment of the proceedings. Specifically, plaintiff challenges the finding that filing of the amended complaint and deletion of oil, gas and mineral rights which were being condemned by the original complaint, constitutes an abandonment of the proceedings within the scope of Code of Civil Procedure section 1255a. Defendants have appealed, also, but only from the court's order taxing costs, reducing their cost bill from $570.50 to $345.

The portion of Code of Civil Procedure section 1255a, here pertinent, provides: "Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendants and filing in court a written notice of such abandonment; . . . Upon such abandonment, express or implied, on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees."

Plaintiff's principal contention is that no abandonment occurred, express or implied, simply because an amended complaint was filed deleting from the action plaintiff's condemnation of oil, gas and mineral rights. It has been called to our attention that no California case touches upon the question of whether, under Code of Civil Procedure section 1255a, an amended complaint can be the basis of an abandonment. Treating the matter as one of first impression, the first question that naturally comes to mind is, what constitutes an abandonment in a condemnation proceeding? ▮ A discussion of the question is found in *City of Los Angeles* v. *Abbott,* 129 Cal.App. 144 [18 P.2d 785], wherein the court said, at page 148:

"Abandonment includes the intention to abandon, and the external act by which such intention is carried into effect. [Citation.] ▮ Intention is the essence of abandonment. [Citations.] ▮ The characteristic element of abandonment is the voluntary relinquishment, and it is in that respect distinguished from other modes by which ownership may be divested. [Citations.] ▮ Abandonment is the intentional relinquishment of a known right."

The *Abbott* discussion of the elements of abandonment has been approved by the courts of this state. (*Torrance Unified School Dist.* v. *Alwag,* 145 Cal.App.2d 596, 599 [302 P.2d 881]; *Mountain View Union High School Dist.* v. *Ormonde,* 195 Cal.App.2d 89, 95 [15 Cal.Rptr. 461].)

Counsel for plaintiff states in his brief that condemner "never evinced any intention to dismiss or abandon the proceedings, the same parties remained in the action, and there was no deletion of any separate and distinct parcel." ▮ However, oil, gas and mineral rights constitute incorporeal hereditaments which are valid and severable property rights. ▮ Oil, gas and mineral rights may be carved out of the fee simple by an owner's voluntary conveyance;

likewise they may be taken from him by condemnation and taken separate and apart from surface rights. Thus, when plaintiff omitted from the amended complaint any claim to oil, gas and mineral rights, there was an "intentional relinquishment of a known right." Furthermore, it was a "voluntary relinquishment" accomplished by plaintiff with an "intention to abandon" and evidenced by the "external act" of filing the amended complaint. Measured by the standards delineating an abandonment in *City of Los Angeles* v. *Abbott, supra,* 129 Cal.App. 144, the amendment of the complaint eliminating plaintiff's claim to oil, gas and mineral rights comes within the rationale of that landmark decision.

Plaintiff cites *County of Los Angeles* v. *Hale,* 165 Cal.App. 2d 22 [331 P.2d 166], as authority for the proposition that a dismissal of a complaint in condemnation does not constitute an abandonment. In that case the county sought to condemn a part of a tract of land for highway purposes. While the action was pending the highway alignment was changed, so the county dismissed the action for partial condemnation and filed a new action taking the entire parcel. As the court observed, the county's course of conduct was entirely incompatible with abandonment since it took not only the property described in the original complaint, but additional property belonging to the defendant. This same reasoning, that there was no evidence of intent to abandon, applies to *Whittier Union High School District* v. *Beck,* 45 Cal.App.2d 736 [114 P.2d 731], also cited by plaintiff. In that case condemner dismissed the action because it purchased the property, pending trial. In *City of Los Angeles* v. *Agardy,* 1 Cal.2d 76, 79 [33 P.2d 834]; *City of Los Angeles* v. *Abbott,* 217 Cal. 184, 197-198 [17 P.2d 993]; and *City of Los Angeles* v. *Abbott, supra,* 129 Cal.App. 144, it was held that there was no intentional abandonment because in each instance the dismissal was involuntary. From these cases we learn that the question of whether a dismissal in a given condemnation action constitutes an abandonment within the purview of Code of Civil Procedure section 1255a is a question of fact. This question of fact must be determined in each case according to the test or standard enunciated in the *Abbott* case, *supra,* 129 Cal.App. 144.

Plaintiff points to the first five words of Code of Civil Procedure section 1255a, "[p]laintiff may abandon the proceedings," as controlling in this case in that it carried the action to judgment as to the surface entry rights of the real property

involved. This, it is argued, negatives any abandonment, express or implied, since the "proceedings" were consummated in judgment. However, the proceedings were only partially completed. As instituted they included the oil, gas and mineral rights of defendants' land. This claim was excluded by way of amendment, so that the original proceedings were not carried through to judgment. We are not persuaded that partial consummation of the proceedings removes the case from Code of Civil Procedure section 1255a as to those property rights of the defendant owners originally claimed but omitted *during* the proceedings.

Plaintiff argues, also, that to hold that an amendment of a complaint may constitute an abandonment within the purview of section 1255a would serve to penalize a condemner. who finds it desirable or even necessary to change the original condemnation plan. Such a holding, plaintiff contends, would import to section 1255a a legislative intent to reimburse a landowner his costs in an abortive condemnation action. To demonstrate that this was not the intent or purpose of the Legislature by the enactment of section 1255a, plaintiff cites *City of Los Angeles* v. *Abbott, supra*, 217 Cal. 184, at page 200, wherein the court says: "It was to remedy the evils connected with a situation which permitted the condemnor to resort to an action without seriously intending to prosecute it to a conclusion that section 1255a was enacted."

We do not construe the foregoing quotation from *Abbott*, nor the *Abbott* case itself, as being an exclusive expression of the legislative purpose or intent of section 1255a. This conclusion finds support in *Torrance Unified School District* v. *Alwag, supra*, 145 Cal.App.2d 596, which ascribes to section 1255a a legislative intent to protect property owners against the imposition of the expense of preparing to defend against a condemnation action which is abandoned either before or after judgment. This conclusion and the reasons for it are cogently expressed at pages 599-600, as follows:

"An action to condemn property is not of the same nature as ordinary civil litigation. Here there is no defendant alleged to have perpetrated some wrong upon the plaintiff. Rather, it is the exercise by a public body of its sovereign power to force the sale of land. Once the action is commenced, the property owner is entitled to defend in order to insure payment of a fair price for his premises. Many factors might intervene between the institution of the proceeding and its fruition, any one of which might cause the condemner to

reevaluate the desirability of the subject property for its contemplated use. Such intervention would not be the fault of the defendant nor would it render the plaintiff unable to continue its action. Section 1255a equitably provides that should the plaintiff elect to change its mind and abandon the action, the innocent property owner must be reimbursed the costs of defense thrust upon him.''

This brings us to plaintiff's contention that if this court construes an amendment of a complaint in condemnation as an abandonment upon judgment of dismissal, it will place all condemners in the untenable as well as inequitable position of having to prepare a perfect pleading for its original complaint. It is contended that any amendment, however trifling, will subject the condemner to a motion for dismissal and costs. ▮▮▮ The fallacy of this argument is that costs, if any, allowed the property owner by reason of the amendment would depend upon the nature of the abandonment. If it were inconsequential or occurred early in the proceeding, the costs allowed would be nominal, if the defendant moved for costs at all. In other words, any costs allowed necessarily must be relative to the circumstances surrounding the amendment which leads to the dismissal and abandonment.

▮▮▮ Plaintiff next asserts that since counsel for defendants stipulated that the amended complaint might be filed, defendants are precluded from securing a judgment of dismissal and costs under section 1255a. The stipulation is quite simple, providing as follows:

''It Is Hereby Stipulated by and between counsel for the respective parties to this action that the plaintiff, County of Kern, may file an amended complaint in this action within fifteen (15) days from the date hereof.''

Counsel for defendants allege that the stipulation was prepared by counsel for plaintiff and signed by defense counsel purely as a courtesy to, and for the convenience of, plaintiff's counsel. The stipulation makes no mention of the nature of the amended complaint to be filed, and makes no provision other than that it may be filed. The stipulation obviated plaintiff's moving the court for permission to amend, which otherwise would have been necessary, since an answer to the original complaint had been filed. Defendants point out, further, that the stipulation was executed February 17, 1960, yet the resolution of the board of supervisors determining the nature of the claim to be set forth in the amended complaint for condemnation, was not passed until February 23, 1960.

In the absence of an express agreement to the contrary, it cannot be held that defendants stipulated to the consequence of an amendment dependent upon action yet to be taken by the board of supervisors. We cannot read into the unambiguous stipulation a waiver of defendants' right to seek costs and attorney fees upon a dismissal of the original complaint.

Defendants also have appealed, but only from the reduction of their cost bill from $570.50 to $345. There are no findings on the cost bill, so we have no way of knowing which items were reduced, nor the court's reasons for the ruling. ▮▮ It should be noted that no error resulted from failure of the trial court to prepare findings of fact in ruling upon the motion to tax costs, since there is no requirement that findings must be made in such a proceeding. (*State* v. *Westover*, 140 Cal.App.2d 447, 457 [295 P.2d 96].) Counsel for defendants have demonstrated mathematically that no matter which item or items of the cost bill were deleted or reduced, the attorney fees remain below the Kern County Bar Association minimum fee schedule. ▮▮ Although we sympathize with counsel and recognize the desirability of maintaining the integrity of local bar fee schedules, we must also recognize that they are not binding upon the trial judge. ▮▮ If an appellant is to reverse an order taxing costs, he must point to an abuse of discretion on the part of the trial judge. The only record of the hearing appears in the order, which recites simply, "the Court being fully advised in the premises . . ." In view of the complete absence of any record, either by way of reporter's transcript or findings, this court cannot say that the trial court abused its discretion in taxing costs.

The orders are affirmed.

Conley, P. J., and Brown, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 11, 1962.