[Civ. No. 31759. Second Dist., Div. Two. Aug. 5, 1968.]

CITY OF WHITTIER, Plaintiff and Respondent, v. ROXIE ARAMIAN et al., Defendants and Appellants.

Herbert Gall and Thomas G. Baggott for Defendants and Appellants.

Thomas W. Bewley, City Attorney, Edward L. Miller, Assistant City Attorney, and Bewley, Lassleben, Whelan & Miller for Plaintiff and Respondent.

FLEMING, J.—In November 1965 the City of Whittier filed a condemnation suit to acquire properties for use as public parking lots. When in July 1966 defendants filed a memorandum to set the cause for trial, Whittier requested the clerk to dismiss the suit. Defendants then moved for costs and attorneys' fees, as in an abandoned condemnation proceeding. Ultimately, Whittier's motion to dismiss the suit was granted, and defendants' motions for costs and attorneys' fees were denied.

The issue is whether Whittier's dismissal of the condemnation action amounted to an abandonment of the proceeding within the meaning of Code of Civil Procedure, section 1255a, which would entitle defendants to recover costs and attorneys' fees, or merely resulted in a voluntary dismissal under Code of Civil Procedure, section 581.

Preliminarily, Whittier contends defendants should have appealed an earlier denial of their motions for costs and fees rather than the later denial involved here. Defendants'

first motions for costs and fees were denied without prejudice in September by a minute order which declared the motions premature. Thereafter Whittier moved for an order directing the clerk to enter a dismissal pursuant to Code of Civil Procedure, section 581, *nunc pro tunc* as of July. Other parties to the action not involved in this appeal then moved for costs and attorneys' fees, and defendants renewed their earlier motions for similar relief. In November the court granted Whittier's motion to dismiss and in the same order denied all defendants' motions for costs and attorneys' fees.

To support its contention that the order under attack is not appealable, Whittier cites *Spellens* v. *Spellens*, 49 Cal.2d 210, 228-229 [317 P.2d 613], to the effect that a party cannot ordinarily appeal the denial of a motion to vacate a previous order. But defendants' original motions were denied without prejudice as premature because the court was uncertain about the status of Whittier's request to dismiss the action. To rule that defendants should have appealed the initial denial of their motions would remove all meaning from the characterization of the denial as one without prejudice and would require defendants to anticipate the court's subsequent and retroactive order of dismissal. We think such prescience is not normally required of the practicing bar, and that the order before this court is routinely appealable.

 In initiating this action Whittier sought to condemn defendants' property for use for public parking purposes. In 1965 its city council created a special assessment district and authorized the sale of bonds to pay for the acquisition and development of the properties needed to make up the project. Shortly before the opening of bids on the bonds, a property owner in the district sued to exclude its property from the levy and to restrain Whittier from creating the district.[1] As a consequence of that suit the bonds became temporarily unsalable, and Whittier had no money to pay for the properties. In July 1966, after defendants filed their memorandum to set the action for trial, the city council directed the city attorney to dismiss the condemnation action, declaring that it was doing so in order to avoid additional expenses of litigation for the parties and in order to free properties within the district for lease or sale. However, the resolution of the city council stated that the city did not intend to abandon the project and would

---

[1]Whittier has prevailed against this owner in the Court of Appeal. (*Alpha Beta Acme Markets, Inc.* v. *Whittier*, 262 Cal.App.2d 16 [68 Cal.Rptr. 327].)

proceed to acquire the properties when money became available.

■ Section 1255a authorizes the abandonment of a condemnation proceeding any time up to 30 days after final judgment; on a motion of any party a judgment shall be entered dismissing the proceeding and awarding defendants their costs and disbursements, including reasonable attorneys' fees. Under the language of the statute it is not the condemnation project which must be abandoned, but rather the action in which costs and fees have been incurred. Clearly, abandonment of the action alone makes a defendant eligible for an award of costs and fees. (*City of Los Angeles* v. *Abbott*, 217 Cal. 184 [17 P.2d 993].) ■ But not every dismissal of an action amounts to its abandonment, for if the dismissal is involuntary there is no abandonment. Such is the case of a plaintiff permanently enjoined from proceeding with its condemnation action. (*City of Los Angeles* v. *Abbott*, 129 Cal. App. 144 [18 P.2d 785] ; *City of Los Angeles* v. *Abbott*, 217 Cal. 184 [17 P.2d 993].) In the former *Abbott* case the appellate court declared: ''Abandonment includes the intention to abandon, and the external act by which such intention is carried into effect.'' (129 Cal.App. at p. 148.) The difficulty, of course, lies in determining the intention of the condemnors. In the later *Abbott* case the Supreme Court stressed the factor of voluntariness: ''Whenever the condemnor voluntarily abandons it is only fair and equitable that the defendants in the condemnation suit should be recompensed, but where the condemnor, as here, has conclusively shown that it in good faith was prosecuting the action, and only desisted because of an injunction, no good reason exists why the defendants should recover their attorneys' fees.'' (217 Cal. at p. 198.)

The meaning of voluntariness was amplified in *Torrance Unified School Dist.* v. *Alwag*, 145 Cal.App.2d 596 [302 P.2d 881]. Plaintiff school district dismissed a condemnation action under which it sought land for school purposes when it learned that the Division of Highways intended to condemn part of the land in question for highway use. In authorizing defendants to recover costs and fees the court pointed out, ''Here, the board of education was not prevented by external force from carrying on the action. The litigation was terminated by dismissal because of threatened action by the State Division of Highways which would have destroyed or impaired the worth of the land for the use intended by respondent at the outset. In this sense, the dismissal was 'vol-

untary'; in other words, entered after due deliberation by respondent as to the profitability of proceeding. It was a voluntary relinquishment of the known right to continue the suit, and thus was abandonment of the action. A dismissal of a suit is not involuntary merely because taken pursuant to a compelling reason.'' (145 Cal.App.2d at p. 599.)

In the case at bench the dismissal was clearly voluntary under the definition of the *Alwag* case. But because Whittier's city council intends to resume condemnation proceedings when money becomes available, Whittier suggests we should follow two cases in which costs and fees were disallowed, *Whittier Union High School Dist.* v. *Beck,* 45 Cal.App. 2d 736 [114 P.2d 731], and *County of Los Angeles* v. *Hale,* 165 Cal.App.2d 22 [331 P.2d 166].

Neither of these cases is analogous. In *Beck,* plaintiff filed suit against Beck's property, then bought it outright during the pendency of the condemnation proceeding. After plaintiff dismissed its condemnation action Beck secured an award of costs and attorneys' fees under section 1255a. In vacating the award the appellate court observed, ''Plaintiff having acquired the property which formed the subject of the proceeding . . . could hardly be said to have abandoned its efforts to acquire the same.'' (45 Cal.App.2d at p. 739.) Implicit in the purchase was the seller's consent to a dismissal of the legal proceeding whose sole purpose had been to bring about an involuntary sale. Rather than an abandonment of the proceeding, the result amounted to its complete consummation. On the practical side, Beck's selling price for the property should have compensated him for his costs in preparing to defend the action, and if it did not, he could have insisted on involuntary acquisition through the process of condemnation.

In *Hale,* after a condemnation suit had been filed, plaintiff's engineers discovered that Hale's entire tract would be needed rather than merely the portion they had initially thought. The first action was dismissed, and three months later a second action was filed which sought the whole tract. Eighteen months after the second filing, Hale moved for costs and attorneys' fees in the first action. His motion was properly denied, since the filing of the second suit left him in the same position he had been in earlier with respect to the initial portion sought. Had plaintiff amended its original complaint to cover the additional property it sought to condemn its procedure might have more precisely reflected the substance of

the transaction, but nevertheless the course of events was clear enough to demonstrate that abandonment had not occurred.

A current discussion of the problem appears in *Mountain View Union High School Dist.* v. *Ormonde,* 195 Cal.App.2d 89, 94-95 [15 Cal.Rptr. 461], in which costs and attorneys' fees were allowed the defendant on the dismissal of a condemnation action. The dismissal came about because of various defects in the procedure followed by plaintiff, defects which plaintiff failed to remedy for a period of six months. The court concluded that plaintiff's failure to make necessary corrections in its procedure in order to pursue its action amounted to an intentional relinquishment of a known right and resulted in an abandonment of the proceeding. On a dismissal in such circumstances the defendant became entitled to costs and fees under section 1255a.

In the present case had Whittier promptly refiled its action, it might have avoided the legal conclusion that it abandoned the proceeding. But this it did not do, nor is there any binding assurance it ever will. The resolution of the city council amounts to no more than a statement of present intention concerning future conduct, an intention whose materialization remains captive to the vicissitudes of men and events. Even if we assume that the city council's decision to dismiss was taken for the reasons set forth in its resolution, any dismissal which keeps the condemnation proceeding alive and prevents the property owner from recouping his expenses can scarcely be said to tender any great amount of relief to the property owner. His position is like that of a passenger on a ship which has run aground and whose engines have stopped who is told he cannot make arrangements to leave the ship because the crew expects to start up the engines and get the ship off the reef shortly. For practical purposes the passenger, like the property owner here, remains in limbo. While a dismissal of the action may remove certain technical obstructions to leases and sales of the properties involved, in most instances the benefits conferred on the property owner remain illusory, while the disadvantages continue all too real. We hold that the dismissal of the action by Whittier, even with the expectation it would refile the condemnation action sometime in the future, amounted to an abandonment of the proceeding which entitled defendants to seek costs and attorneys' fees.

◼ Whittier argues that if, as we have decided, the dismissal of the action constituted an abandonment, its city attorney exceeded the authority conferred upon him by the

city council. The city attorney, however, did exactly what the city council authorized him to do; the fact that his act had a different legal character from that which the city council believed it to have, did not affect the city attorney's authority to perform it.

Finally, Whittier argues the record contains no evidence that defendants incurred attorneys' fees. Defendants correctly point out that under section 1255a, subdivision (c) a determination of abandonment and a judgment of dismissal precede the memorandum of costs, for whose filing they are given 30 days after notice of entry of judgment of dismissal.

The order is reversed.

Roth, P. J., and Nutter, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.