[Civ. No. 30728. First Dist., Div. One. Mar. 27, 1973.]

ALTA BATES HOSPITAL, Plaintiff and Respondent, v.
FLORENCE I. MERTLE, Defendant and Appellant.

## Counsel

Rogers, Vizzard & Tallett and John D. Rogers for Defendant and Appellant.

Angell, Adams & Holmes and Samuel L. Holmes for Plaintiff and Respondent.

## Opinion

**ELKINGTON, J.**—The appeal before us is taken from an order in a condemnation action brought by plaintiff Alta Bates Hospital denying defendant Florence Mertle certain "litigation costs," i.e., her attorney's and appraiser's fees, under Code of Civil Procedure section 1255a.

Section 1255a, subdivision (a), states: "The plaintiff [in a condemnation action] may abandon the proceeding at any time after the filing of the complaint and before the expiration of 30 days after final judgment, by serving on defendants and filing in court a written notice of such abandonment; and failure to comply with Section 1251 of this code [requiring payment of the assessed sum within 30 days after final judgment] shall constitute an implied abandonment of the proceeding."

Subdivision (c) of the section provides, as relevant, that upon such an abandonment defendants shall be awarded "their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and during trial and reasonable attorney fees."

It is now settled law that abandonment of a condemnation action under section 1255a may be either express *or implied.* (*Mountain View Union High School District* v. *Ormonde,* 195 Cal.App.2d 89, 94 [15 Cal.Rptr. 461]; *County of Los Angeles* v. *Hale,* 165 Cal.App.2d 22, 26 [331 P.2d 166]; *Whittier Union High Sch. Dist.* v. *Beck,* 45 Cal.App.2d 736, 739 [114 P.2d 731].) It is implied where the express "written notice of such abandonment" is not given, but "for any reason [the condemner] chooses to give up the intended taking" (*Frustuck* v. *City of Fairfax,* 230 Cal.App.2d 412, 417 [41 Cal.Rptr. 56]), or "when the condemner declines to carry the proceeding through to its conclusion" (*Merced Irrigation Dist.* v. *Woolstenhulme,* 4 Cal.3d 478, 505 [93 Cal.Rptr. 833, 483 P.2d 1]; see also *Pacific Tel. & Tel. Co.* v. *Monolith,* 234 Cal.App.2d 352, 358 [44 Cal.Rptr. 410]; *Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678, 698 [32 Cal.Rptr. 288]; *City of Inglewood* v. *O. T. Johnson Corp.,* 113 Cal.App.2d 587, 591 [248 P.2d 536]).

It is a strict rule, however, that the condemner's abandonment of the proceeding must be *voluntary* in order that section 1255a apply. (*La Mesa-Spring Valley School Dist.* v. *Otsuka,* 57 Cal.2d 309, 314 [19 Cal.Rptr. 479, 369 P.2d 7]; *City of Los Angeles* v. *Abbott,* 217 Cal. 184, 194-200 [17 P.2d 993]; *City of Whittier* v. *Aramian,* 264 Cal.App.2d 683, 686 [70 Cal.Rptr. 805].) Where the condemnation action is permanently

enjoined (see *City of Los Angeles* v. *Agardy,* 1 Cal.2d 76, 81 [33 P.2d 834]; *City of Los Angeles* v. *Abbott, supra,* 217 Cal. 184, 194-200; *City of Whittier* v. *Aramian, supra,* 264 Cal.App.2d 683, 686), or is dismissed for the purpose of filing a new proceeding covering the same and additional property (see *County of Los Angeles* v. *Hale, supra,* 165 Cal.App.2d 22), abandonment of the condemnation proceedings has been held involuntary, and section 1255a, inapplicable.

Illustrations of implied, and voluntary, abandonment within the scope of section 1255a follow.

In *Torrance Unified School Dist.* v. *Alwag,* 145 Cal.App.2d 596 [302 P.2d 881], proceedings were dismissed because a higher condemning authority proposed to take a portion of the subject property. The dismissal was held to be a voluntary abandonment of the proceedings, requiring the award to defendant of litigation costs under section 1255a.

Unreasonable delay in the prosecution of condemnation proceedings may be interpreted by the court as an implied and voluntary abandonment "entitling the condemnee to a judgment of dismissal and an award of attorneys' fees under section 1255a" (*City of Los Angeles* v. *Agardy, supra,* 1 Cal.2d 76, 81), but "mere failure" to bring a condemnation action to trial within two years is not such an unreasonable delay. (*City of Bell* v. *American States W. S. Co.,* 10 Cal.App.2d 604, 607 [52 P.2d 503].)

Dismissal of a condemnation action after failure of the condemner to amend its complaint for a period of six months after the trial court's announcement that it would sustain a special defense, was in *Mountain View Union High School District* v. *Ormonde, supra,* 195 Cal.App.2d 89, 95, held to be an implied voluntary abandonment authorizing section 1255a relief.

We observe that abandonment of a condemnation action may occur "at any time after the filing of the complaint and before the expiration of 30 days after final judgment, . . ." (§ 1255a, subd. (a).) "The term 'final judgment' as used in section 1255a . . . means a judgment when all possibility of direct attack thereon by way of (1) appeal, (2) motion for a new trial, or (3) motion to vacate the judgment, has been exhausted." (*Southern Public Utility Dist.* v. *Silva,* 47 Cal.2d 163, 165 [301 P.2d 841].)

The instant action was tried to the court. Alta Bates Hospital, at the trial's conclusion, waived findings of fact and conclusions of law. The court thereafter entered judgment in favor of defendant Florence Mertle, dismissing the hospital's action with prejudice. No appeal was taken and the judgment became, and now is, final.

Defendant timely sought her costs and disbursements including attorney's fees and appraiser's fees. As indicated, the trial court's order denying such fees is the basis of this appeal.

 Defendant contends that the failure of the hospital to prosecute an appeal, or otherwise take further proceedings after entry of the judgment of dismissal, constitutes an implied and voluntary abandonment of its condemnation proceeding.

We agree. Our reasons follow.

*La Mesa-Spring Valley School Dist.* v. *Otsuka, supra,* 57 Cal.2d 309, 318, holds that having filed a condemnation action, a condemner is under the duty, insofar as it may voluntarily do so, of "prosecuting the suit to its conclusion," if it would avoid the strictures of section 1255a.

Under this rule Alta Bates Hospital was bound to continue its action to the "final judgment" of section 1255a, subdivision (a), as defined by *Southern Public Utility Dist.* v. *Silva, supra,* 47 Cal.2d 163, 165. This it did not do. Instead, declining to "carry the proceeding through to its conclusion" (see *Merced Irrigation Dist.* v. *Woolstenhulme, supra,* 4 Cal.3d 478, 505), it effected an abandonment of the proceeding, within the meaning of section 1255a. This abandonment was obviously voluntary for the hospital had the untrammeled choice of continuing the proceedings by way of appeal.

The parties have devoted considerable discussion to the reasons for the judgment of dismissal. Since findings of fact and conclusions of law were waived, we find no statement of such reasons in the record, save for some comment during the course of trial. Such comment is of questionable value to this court. (See *Larson* v. *Thoresen,* 116 Cal.App.2d 790, 798 [254 P.2d 656].) And the reasons for the judgment are wholly irrelevant here, for as we have pointed out an abandonment occurs when *"for any reason* [the condemner] *chooses* to give up the intended taking." (Italics added; *Frustuck* v. *City of Fairfax, supra,* 230 Cal.App.2d 412, 417.)

Even were we to assume a "good reason" for the hospital's abandonment of its action, no aid would be given its argument. The following comment of *Torrance Unified School Dist.* v. *Alwag, supra,* 145 Cal. App.2d 596, 599-600, is pertinent: "A dismissal of a suit is not involuntary merely because taken pursuant to a compelling reason. The decision by the board to discontinue its efforts to condemn the premises may have been quite wise under the circumstances, . . . [¶] An action to condemn property is not of the same nature as ordinary civil litigation. Here there is no defendant alleged to have perpetrated some wrong upon the plaintiff. Rather, it is the exercise by a public body of its sovereign power to force the sale of land. Once the action is commenced, the property owner is

entitled to defend in order to insure payment of a fair price for his premises. Many factors might intervene between the institution of the proceeding and its fruition, any one of which might cause the condemner to reevaluate the desirability of the subject property for its contemplated use. Such intervention would not be the fault of the defendant nor would it render the plaintiff unable to continue its action. Section 1255a equitably provides that should the plaintiff elect to change its mind and abandon the action, the innocent property owner must be reimbursed the costs of defense thrust upon him."

Following the trial of this action, the Legislature in 1971, enacting Code of Civil Procedure section 1246.4, extended allowance of litigation costs to all condemnation cases "in which the final judgment is that the public entity cannot acquire the real property, . . ." Nothing is seen in this enactment which bears upon the problem presented to us.

The order of June 7, 1971 is reversed; the superior court will take further proceedings not inconsistent herewith. Defendant will be allowed her costs on appeal as provided by Code of Civil Procedure section 1255a, subdivision (c).

Molinari, P. J., and Weinberger, J.,* concurred.

A petition for a rehearing was denied on April 17, 1973, and the following opinion was then rendered:

**THE COURT.**—On its petition for rehearing the respondent hospital urges that our decision conflicts with *City of Industry* v. *Gordon* (Nov. 30, 1972) 29 Cal.App.3d 90 [105 Cal.Rptr. 206], where a condemnation action was dismissed for failure to bring it to trial within five years. (See Code Civ. Proc., § 583, subd. (b).) The Court of Appeal found no implied voluntary abandonment under section 1255a since "the uncontradicted declarations filed in opposition to appellants' motion to dismiss clearly establish that respondent had no intention of voluntarily abandoning its action or cause." (P. 94.) In the case at bench the evidence conclusively establishes an intent to voluntarily abandon the action before the hospital's right of appeal had been exhausted. (See *Southern Public Utility Dist.* v. *Silva,* 47 Cal.2d 163, 165 [301 P.2d 841].) We observe no substantial conflict.

Respondent's petition for a hearing by the Supreme Court was denied May 23, 1973.

---

*Assigned by the Chairman of the Judicial Council.